UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLIE BEAMON,

    Plaintiff,

v.                                            Case No. 1:12-CV-463

ASSURANT EMPLOYEE BENEFITS,        HON. GORDON J. QUIST
APRIL THORNTON, STEVEN KULSETH,
DAVID ELVIDGE, MARIE TUSCHY,
and CHRYSTAL STOKES,

    Defendants.
_____/

## OPINION REGARDING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff, Charlie Beamon, proceeding pro se, filed a Complaint against Defendants on April 25, 2012, in the 57th District Court of Allegan County, Michigan. Defendants removed the case to this Court on May 8, 2012, alleging federal question jurisdiction, 28 U.S.C. § 1331, on the basis that Plaintiff's claim is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 *et seq.* Plaintiff's claim arises under ERISA because he seeks review of a denial of benefits under a group long-term disability policy. *See* 29 U.S.C. § 1132(a)(1)(B).

Defendants have filed a Motion for Judgment on the Pleadings on the grounds that Plaintiff failed to exhaust his administrative remedies prior to filing this action. Plaintiff has responded by filing a Motion for Dismissal of Defendants' Motion for Judgment on the Pleadings. For the following reasons, the Court will grant Defendants' motion, deny Plaintiff's motion, and dismiss Plaintiff's Complaint with prejudice.

**BACKGROUND**

In September of 2000, Plaintiff was placed on medical leave by his employer, Murco Foods Inc., for injuries that he sustained at work. Plaintiff applied for and received long-term disability benefits under a group disability insurance policy (Policy) that Fortis Benefits Insurance Company (Fortis) issued to Murco Food Inc.[1] In August of 2002, Plaintiff obtained a workers' compensation award. At the time, Fortis had a lien on the workers' compensation award in the amount of $41,867.00 for an overpayment of benefits under the Policy. Through his counsel, Plaintiff obtained an agreement from Fortis to compromise its lien claim for a payment of $20,993.50.

In March 2007, Plaintiff received a retroactive Social Security Disability (SSD) award in the amount of $73,226.63. Fortis claimed that the SSD award created an overpayment that it was entitled to recover under the Policy's Adjustment of Benefits provision. Fortis also determined that Plaintiff was receiving Social Security dependent benefits, which increased the overpayment amount to $88,438.13. Fortis initially attempted to collect the overpayment from Plaintiff through a collection agency, but when those efforts failed, Fortis exercised its option to recover the overpayment through an adjustment of Plaintiff's monthly benefit until the overpayment was fully reimbursed. Fortis subsequently reduced the overpayment after Plaintiff furnished documents to Fortis showing that Plaintiff's wife, who along with Plaintiff's children was then living apart from Plaintiff, was receiving the dependent benefit on behalf of the children.

Plaintiff claims that Fortis' prior agreement to accept $20,933.50 from the workers' compensation award in satisfaction of its lien for $41,867 bars Fortis from reducing Plaintiff's

---

[1] Plaintiff named Assurant Employee Benefits and certain individuals as Defendants. The Policy attached as Exhibit C to Defendants' Notice of Removal indicates that the Policy was issued by Fortis Benefits Insurance Company, which apparently is now known as Union Security Insurance Company. For purposes of the instant motion, references to Fortis include Union Security Insurance Company.

monthly benefit to recover the overpayment resulting from the SSD award.

## II. MOTION STANDARD

Defendants bring their instant motion as a Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). A motion under Rule 12(c) is reviewed under the same standard as a motion to dismiss under Rule 12(b)(6). *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001). Defendants assert that a Rule 12(c) motion is an appropriate vehicle for dismissal because an ERISA plaintiff has the burden of pleading exhaustion of administrative remedies. As support for their assertion that the burden of pleading exhaustion in an ERISA case is on the plaintiff, Defendants cite *Hagen v. VPA, Inc.*, 428 F. Supp. 2d 708 (W.D. Mich. 2006), in which the court observed that dismissal was proper because the plaintiff failed to allege exhaustion in his complaint. *See id.* at 713.

Although the Sixth Circuit has not addressed the issue, a number of courts have held that exhaustion of administrative remedies under ERISA is an affirmative defense. For example, in *Wilson v. Kimberly-Clark Corp.*, 254 F. App'x 280 (5th Cir. 2007), the Fifth Circuit concluded that exhaustion is an affirmative defense under ERISA.[2] *Id.* at 287. For guidance, the court looked to the United States Supreme Court's decision in *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910 (2007), which held that exhaustion under the Prison Litigation Reform Act (PLRA) is an affirmative defense rather than a pleading requirement. The court thus held, "[a]lthough Plaintiffs failed to plead that they exhausted administrative remedies, they need not have done so here." *Id.* Similarly, the Second Circuit has held that exhaustion in ERISA cases is not jurisdictional, but instead is a judge-

---

[2] The Fifth Circuit has also held that exhaustion in ERISA cases is an affirmative defense rather than a jurisdictional requirement. *Crowell v. Shell Oil Co.*, 541 F.3d 295 (5th Cir. 2008).

made concept in the nature of an affirmative defense. *See Paese v. Hartford Life & Accident Ins. Co.*, 449 F.3d 434, 443–45 (2d Cir. 2006). Although decided before *Jones v. Bock*, *supra*, the Second Circuit in *Paese*, like the Fifth Circuit in *Wilson*, considered exhaustion under the PLRA a proper guidepost for applying the exhaustion requirement under ERISA. *Id.* at 445–46; *see also Metro. Life Ins. Co. v. Price*, 501 F.3d 271, 280 (3d Cir. 2007) ("The exhaustion requirement [in an ERISA case] is a nonjurisdictional affirmative defense."); *Trotter v. Kennedy Krieger Inst., Inc.*, No. 11-3422-JKB, 2012 WL 3638778, at *4 (D. Md. Aug. 22, 2012) (stating that "contrary to Hartford's understanding, ERISA plaintiffs are not obligated to plead exhaustion or futility; failure to exhaust is an affirmative defense that must be pled and proved by the defendant"). This Court has also previously held that exhaustion in an ERISA case is an affirmative defense that the defendant must plead.[3] *See Zappley v. Stride Rite Corp.*, No. 2:09-CV-198, 2010 WL 234713, at *4 (W.D. Mich. Jan. 13, 2010).

Because exhaustion is an affirmative defense, a Rule 56 "summary judgment motion is the proper vehicle for considering a defendant's claim that a plaintiff has failed to exhaust administrative remedies before filing a civil action." *Gunn v. Bluecross Blueshield of Tenn., Inc.*, No. 1:11-CV-183, 2012 WL 1711555, at *4 (E.D. Tenn. May 15, 2012); *see also Soren v. Equable Ascent Fin., LLC*, No. 2:12-cv-00038, 2012 WL 2317362, at *4 (D. Utah June 18, 2012) ("Bona fide error is an affirmative defense and is not properly raised in a motion to dismiss under Rule 12(b)(6)."). One exception to this rule is that an affirmative defense may be raised in a Rule 12(b)(6) motion "without resort to summary judgment procedure, if the defense appears on the face of the complaint." *In re Lehman Bros. Sec. & ERISA Litig.*, 799 F. Supp. 2d 258, 317 (S.D.N.Y.

---

[3] The Court notes that Defendants have sufficiently pled lack of exhaustion in their affirmative defenses. (Dkt. # 8, affirmative defense # 7.)

4

2011) (internal quotation marks omitted); *see also Turley v. Gaetz*, 625 F.3d 1005,1013 (7th Cir. 2010) (noting that "a district court may dismiss a complaint if the existence of a valid affirmative defense, such as the failure to exhaust, is . . . plain from the face of the complaint").

Whether lack of exhaustion can be said to appear on the face of Plaintiff's Complaint is a close question, but the Court concludes that it does. Plaintiff's unconventional Complaint consists of a one-page form Summons and Complaint, which discloses nothing about Plaintiff's claim, and two letters. One letter, (dkt. # 1-1 at Page ID#7), dated April 18, 2012, and addressed to Defendant Marie Tuschy, references a letter that Plaintiff received from Defendant Tuschy partially denying Plaintiff's claim. Plaintiff notes in his letter that Defendant Tuschy's letter advises him that he has 180 days to appeal, and Plaintiff states that he has no more documents to submit and he "do[es] not see how another 180 days will make any different [sic]." (*Id.*) Plaintiff filed his Complaint in state court on April 25, 2012—one week after his April 18, 2012, letter to Defendant Tuschy. Moreover, in support of their motion, Defendants submit a copy of Defendant Tuschy's April 12, 2012, letter to Plaintiff, which the Court may consider. *See Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (a court may consider documents attached to a motion to dismiss if they are referred to in the complaint and are central to the plaintiff's claim). In her letter, in addition to explaining the basis for the partial denial of Plaintiff's claim, Defendant Tuschy advised Plaintiff of the appeal procedure to initiate a second-level appeal of his claim and cautioned Plaintiff that he had 180 days to submit an appeal. (Defs.' Br. Supp. Ex. A.) Considering both Defendant Tuschy's April 12, 2012, letter to Plaintiff and Plaintiff's April 18, 2012, letter to Defendant Tuschy, as well as the fact that Plaintiff filed his Complaint one week after his letter to Defendant Tuschy, the Court concludes that Defendants' Rule 12(c) motion is a proper means of presenting Defendants' exhaustion defense.

### III. DISCUSSION

Although ERISA does not specifically contain an exhaustion requirement, the Sixth Circuit has held that "[t]he administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit in federal court." *Miller v. Metro. Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir. 1991) (citing 29 U.S.C. § 1133(2)). Exhaustion is excused "where resorting to the plan's administrative procedure would simply be futile or the remedy inadequate." *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 418 n.4 (6th Cir. 1998). "The standard for adjudging futility of resorting to the administrative remedies provided by a plan is whether a clear and positive indication of futility can be made." *Id.* Exhaustion will be excused where the plaintiff's suit is directed to the legality of the plan, as opposed to an interpretation of the plan, *Durand v. Hanover Ins. Group, Inc.*, 560 F.3d 436, 439 (6th Cir. 2009), or when the defendant lacks the authority to take the action sought by the plaintiff. *Dozier v. Sun Life Assurance Co. of Canada*, 466 F.3d 532, 535 (6th Cir. 2006).

Plaintiff does not deny that he failed to appeal Defendant Tuschy's initial denial of his claim to the second level. However, Plaintiff appears to argue futility in both his Response to Defendants' motion and in his Motion for Dismissal of Defendants' Motion and supporting brief, noting that he has tried to resolve his claim with Defendants for several years without success. Plaintiff suggests that seeking further administrative review of his claim would not produce a different result. Even strong doubts, however, are not enough invoke futility. "A plaintiff must show that it is certain that his claim will be denied on appeal, not merely that he doubts that an appeal will result in a different decision." *Coomer v. Bethesda Hosp., Inc.* 370 F.3d 499, 505 (6th Cir. 2004). "[T]he courts must allow the administrative process to take its course even when the outcome will almost certainly be adverse to the claimant." *Durand*, 560 F.3d at 440. In this Court's judgment, Plaintiff has not

6

demonstrated a certainty that his appeal would be denied. Plaintiff does not argue that an appeal would be reviewed by the same person that denied his initial appeal or that he has any reason to believe that a second-level appeal would not receive an independent review. Accordingly, Plaintiff has not shown a sufficient basis for the Court to excuse exhaustion.

Under appropriate circumstances, the Court would stay the case, rather than dismiss it, to allow Plaintiff an opportunity to exhaust his administrative remedies and return to this Court for review of the decision, if necessary. *See Lindemann v. Mobile Oil Corp.*, 79 F.3d 647, 651 (7th Cir. 1996) (noting that a district court has discretion to dismiss or stay a case pending completion of administrative review). However, Plaintiff can no longer exhaust his administrative remedies because the 180-day period for Plaintiff to file his appeal has now expired. A stay, therefore, is unnecessary. Rather, the appropriate result is dismissal with prejudice. *See Bird v. GTX, Inc.*, No. 2:08-cv-02852, 2010 WL 883738, at *4 (W.D. Tenn. Mar. 5, 2010) ("Courts typically dismiss unexhausted ERISA claims with prejudice where the opportunity to pursue administrative remedies has expired."). Accordingly, the Court will dismiss the Complaint with prejudice.

### III. CONCLUSION

For the foregoing reasons, the Court will grant Defendants' Motion for Judgment on the Pleadings, deny Plaintiff's Motion for Dismissal of Defendants' Motion, and dismiss the Complaint with prejudice.

An Order consistent with this Opinion will be entered.

Dated: January 22, 2013          /s/ Gordon J. Quist
                                  GORDON J. QUIST
                                  UNITED STATES DISTRICT JUDGE